UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIRIUS AMERICA INSURANCE
COMPANY, et al.,

          Plaintiff,

    v.

YOUNG'S CAPITAL COMPANY, LLC,
et al.,

          Defendant.

CASE NO. C05-338JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Plaintiffs Sirius America Insurance Company ("Sirius") and Constitution Insurance Company ("Constitution") (Dkt. # 10). Although Plaintiffs have requested oral argument, the court finds this matter suitable for disposition on the motion papers. For the reasons stated below, the court DENIES Plaintiffs' motion for summary judgment.

## II. BACKGROUND

Plaintiffs issued commercial property insurance policies to M.D. Properties Investment, Inc. ("MDP") for a Holiday Inn Express hotel located in Ocean Shores, Washington. Constitution issued MDP two policies in effect from December 15, 2000

ORDER – 1

to December 15, 2002.  Sirius issued MDP a policy in effect from December 15, 2002 to July 2003.  As all three policies have substantially the same terms, the court will refer to them collectively as "the Policies."

Defendant Young's Capital Company, LLC ("YCC") has made a claim under the Policies.  YCC purchased the subject property from MDP in July 2003.  YCC subsequently discovered extensive water damage to buildings on the property.  YCC settled a $900,000 claim for that damage with its own property insurance carrier.  YCC claims that this settlement only covers damage occurring after it purchased the property in 2003, and that it has received no compensation for as much as $1.8 million in water damage that existed before it purchased the property.  In August 2004, YCC surrendered all of its potential claims against MDP in exchange for an assignment of MDP's rights under the Policies. YCC filed a claim with the Plaintiffs.

Plaintiffs filed this action seeking a declaratory judgment that they owe nothing on YCC's claim.

### III. ANALYSIS

In examining Plaintiffs' motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v.

ORDER – 2

Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

Although the parties raise many factual disputes, the court's disposition of this motion turns on the purely legal question of the interpretation of the Policies.  Under Washington law, interpretation of an insurance policy is a question of law for the court. Overton v. Consolidated Ins. Co., 38 P.3d 322, 325 (Wash. 2002).  The court must give the terms of the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance."  Id. (internal quotation omitted).  Terms defined within a policy are to be construed as defined, while undefined terms are given their ordinary meaning.  Boeing Co. v. Aetna Cas. & Sur. Co., 784 P.2d 507, 511 (Wash. 1990).

If the policy language on its face is fairly susceptible to two different, but reasonable interpretations, ambiguity exists, and the court will apply the interpretation most favorable to the insured.  Allstate Ins. Co. v. Peasley, 932 P.2d 1244, 1246 (Wash. 1997) (cited in Petersen-Gonzales v. Garcia, 86 P.3d 210 (2004));  Allstate Ins. Co. v. Hammonds, 865 P.2d 560, 562 (Wash. Ct. App. 1994) (ambiguity exists "when, reading the contract as a whole, two reasonable and fair interpretations are possible.").  A court must construe ambiguity against the insurer "even where the insurer may have intended another meaning."  Allstate Ins. Co., 865 P.2d at 562.  Because coverage exclusions "are contrary to the fundamental protective purpose of insurance," courts are to construe them strictly against the insurer and are not to extend them "beyond their clear and unequivocal meaning."  Stuart v. Am. States Ins. Co., 953 P.2d 462, 464 (Wash. 1998).

Plaintiffs rest their motion on a single clause in the Policies:  "We will not pay you more than your financial interest in the Covered Property."  Penner Decl. Ex. F at

ORDER – 3

41. Plaintiffs reason that both now and at the time MDP transferred its claims under the Policies to YCC, MDP had already sold the subject property, and thus had no "financial interest" in it. Plaintiffs therefore contend that the claim that MDP assigned to YCC has no value.

The court finds that Plaintiffs' interpretation of the Policies is incorrect as a matter of law. The Policies limit Plaintiffs' "Loss Payment[s]" to the insured's "financial interest" in the subject property. Id. A "loss" under the Policies is "direct physical loss of or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss." Penner Decl. Ex. G at 53. Moreover, a review of the Policies' language leaves no doubt that a "loss" occurs when the event causing damage occurs. For example, an insured must promptly notify the Plaintiffs of any "loss." Id. at 57 (describing insured's "Duties in The Event of Loss or Damage"). The Policies' list of excluded causes of "loss" shows that a "loss" is the immediate result of an event causing damage. Dykstra Decl. at 19. There is no language in the Policies suggesting that the term "loss" is susceptible to any other interpretation.

Taking YCC's allegations as true, the subject property suffered a "loss" each time it suffered water damage. Under YCC's version of the facts, therefore, MDP had accrued claims for loss when it sold the property to YCC and terminated the Policies. Until it sold the property to YCC, MDP undisputedly had a financial interest in the subject property. MDP therefore had a claim for loss (or perhaps more than one claim) that it could assign to YCC.[1]

The parties devote substantial resources to arguing over insurance law in jurisdictions other than Washington. Plaintiffs advocate a rule in which an insured's

---

[1] Plaintiffs do not contend in this motion that the Policies prevent MDP from assigning its claims to YCC.

ORDER – 4

loss is limited to the diminution in the actual value of the insured property. YCC argues for the "New York Rule," which permits an insured to recover for loss regardless of whether the loss diminishes the actual value of the property. The court finds the parties' debate unhelpful. The court is exercising diversity jurisdiction in this case, and thus must rely on Washington law. As the court has already noted, Washington law binds the parties to the plain language of the Policies, and resolves all ambiguities against Plaintiffs as the insurers.

The Washington authority on which the Plaintiffs rely is inapposite. Plaintiffs point out that sale of a property is usually insufficient to transfer a property insurance policy from the buyer to the seller. Davis v. Oregon Mutual Ins. Co., 429 P.2d 886, 887 (Wash. 1967); CLS Mortgage, Inc. v. Bruno, 937 P.2d 1106, 1109 (Wash. Ct. App. 1987); Menger v. Inland Empire Farmers' Mut. Fire Ins. Co., 203 P. 934, 935 (Wash. 1922). That rule has no application here, as no one contends that the Policies continued to protect YCC after it purchased the subject property. Instead, MDP conveyed to YCC whatever claims it accrued while it still owned the property, and was still undisputedly covered under the Policies.

Davis also provides no support for YCC's contention that MDP's claim under the Policies is valueless because it had no interest in the subject property when it transferred the claim to YCC. In Davis, the damage to the subject property occurred after the sale of the property, and thus after the policy at issue had ceased to cover the seller. 429 P.2d at 886. Here, the damage to the subject property allegedly occurred before MDP sold the property.

The court holds that the Policies provide that losses accrue to the policyholder as soon as the underlying damage occurs. Thus, assuming that the subject property suffered damage from a covered cause of loss while MDP still owned it, MDP accrued

ORDER – 5

claims. Those claims now belong to YCC. The court emphasizes that it makes no findings of fact in resolving this motion;[2] it merely holds that the evidence taken in the light most favorable to YCC shows that it has a claim under the Policies.

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for summary judgment (Dkt. # 10).

Dated this 25th day of May, 2005.

JAMES L. ROBART
United States District Judge

---

[2] In particular, the court makes no finding as to whether the settlement YCC received from its insurance company covered some or all of the pre-existing damage to the subject property. The court has therefore not considered whether the collateral source rule might apply in this dispute.

ORDER – 6