UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIRIUS AMERICA INSURANCE COMPANY, et al., | |
| Plaintiffs, | CASE NO. C05-338JLR |
| v. | ORDER |
| YOUNG'S CAPITAL COMPANY, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment (Dkt. # 18) from Defendant Young's Capital Company, LLC ("YCC"). No party has requested oral argument, and the court finds this matter suitable for disposition on the motion papers and accompanying materials. For the reasons stated below, the court DENIES YCC's motion for summary judgment.

## II. BACKGROUND

Plaintiffs Sirius America Insurance Company ("Sirius") and Constitution Insurance Company ("Constitution") issued commercial property insurance policies to M.D. Properties Investment, Inc. ("MDP") for a Holiday Inn Express hotel located in Ocean Shores, Washington. Constitution issued MDP two policies in effect from

ORDER – 1

December 15, 2000 to December 15, 2002. Sirius issued MDP a policy in effect from December 15, 2002 to July 2003. As all three policies have substantially the same terms, the court will refer to them collectively as "the Policies."

Defendant Young's Capital Company, LLC ("YCC") has made a claim under the Policies for as much as $1.8 million in water damage to the hotel. In June 2005, after the parties had completed substantial initial discussions over the claim, Sirius and Constitution jointly sent a supplemental coverage letter to YCC. Ashbaugh Decl., Ex. A. In the letter, they cited the following limitation in the policies:

> We will not pay for any loss of or damage to . . . [t]he interior of any building or structure . . . caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless . . . [t]he building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters . . . .

Id. (quoting the Policies). Plaintiffs asserted that "[t]o the extent a claim is being made for damage meeting the description [in this policy limitation] that does not fall into either [of] the two exceptions, it is not covered." Id. Plaintiffs provided no further details.

YCC filed this motion, asking the court to construe the meaning of the term "interior" in the policy provision. It contends that all components of an exterior wall, "including the exterior cladding, sheathing, framing, insulation, wall board, moisture barrier, and materials underneath the cladding" are excluded from the "interior" of a building as defined in the Policies. YCC Mot. at 10. Plaintiffs contend that wall board and insulation are part of the "interior" as a matter of law, and that determining the status of moisture barriers and other "materials underneath the cladding" presents a question of fact not appropriate for summary judgment.

ORDER – 2

### III. ANALYSIS

The court declines to rule on YCC's motion, as it raises no dispute that is ripe for adjudication. When Plaintiffs sent the June 2005 letter to YCC, YCC had reason to believe that its insurers might rely on the quoted policy limitation as a basis for denying coverage. The letter did not, however, explain the factual basis for applying the policy limitation to YCC's hotel property. Rather than explore that factual basis through additional discovery[1] or other means, YCC brought this motion asking the court to determine the meaning of a policy limitation that its insurers have yet to rely on in denying coverage. In response, Plaintiffs did not even admit that they intended to rely on the limitation as a basis for denying coverage, much less explain their basis for doing so. Nonetheless, Plaintiffs requested their own construction of the policy limitation. On the record before the court, there are a number of possibilities: Plaintiffs' letter emphasizing the policy limitation may have been mere bluster; Plaintiffs may have simply wanted to call YCC's attention to the limitation; Plaintiffs may eventually determine that the damage to the hotel falls under the exceptions within the policy limitation, rather than within its exclusionary scope; or Plaintiffs may eventually deny coverage based on the policy limitation. Only if the latter possibility ripens will the parties need the court's intervention.[2]

---

[1] YCC may have engaged in such discovery, but there is no indication of the discovery or of its results in the material before the court.

[2] That the parties have devoted their resources to arguing for their preferred interpretation of the policy limitation suggests that they may well have a concrete dispute that requires the court to construe the limitation. Nonetheless, the parties have not yet put that dispute before the court.

ORDER – 3

1  At this point, the policy limitation presents no question relevant to the disposition of this action.  YCC's request that the court construe it, and Plaintiffs' counter-request for their preferred construction, are nothing more than requests for an advisory opinion. The court does not dispense these.  See Bonneville Power Admin. v. Washington Pub. Power Supply Sys., 956 F.2d 1497, 1508 (9th Cir. 1992).  The motion before the court is the legal equivalent of the Zen koan inquiring into the sound of one hand clapping – it may present an interesting question, but it is not a question properly before the court.

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES YCC's motion for summary judgment (Dkt. # 18), without prejudice to renewing the motion if the underlying dispute ripens.

Dated this 12th day of October, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4